UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Leroy Shaw, | ) | Civil Action No.: 9:19-cv-01863-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Richard Gillespie, R. L. Turner, | ) | |
| and C. Holbrook, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for consideration of Plaintiff Leroy Shaw's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant, who recommends summarily dismissing Plaintiff's complaint without prejudice.[1] *See* ECF Nos. 11 & 15.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff, a state prisoner proceeding pro se, filed his complaint pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated in connection with a disciplinary hearing at Perry Correctional Institution on February 7, 2019, which resulted in several disciplinary sanctions.[3] *See* ECF Nos. 1 & 1-1. The Magistrate Judge recommends summarily dismissing this action because (1) Plaintiff's complaint fails to state a claim, (2) Defendants are entitled to Eleventh Amendment immunity in their official capacities, and (3) supplemental jurisdiction is not warranted for Plaintiff's state-law claims. *See* R & R at pp. 3–10.

Plaintiff objects to the Magistrate Judge's conclusion that he has not alleged a deprivation of a protected liberty interest. *See* ECF No. 15. "[T]o show the deprivation of a liberty interest protected

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Notably, Plaintiff's disciplinary hearing did not result in the loss of good-time credits or "threaten [any] consequence for his conviction or the duration of his sentence," and therefore his § 1983 action is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Muhammad v. Close*, 540 U.S. 749, 751 & n.1 (2004) ("[T]he incarceration that matters under *Heck* is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules."); *see, e.g.*, *DeBrew v. Brooks*, 475 F. App'x 479, 480 n.* (4th Cir. 2012) (noting *Heck* did not bar the plaintiff's challenges to the validity of his disciplinary convictions).

2

by the Due Process Clause, an inmate must show either: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of prison life."[4] *McNeill v. Currie*, 84 F. App'x 276, 277 (4th Cir. 2003) (citing *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)). Plaintiff has not made either showing because the disciplinary sanctions imposed—thirty days of disciplinary detention, six additional months in solitary confinement (during which time he had to travel to the shower in restraints) and loss of canteen, visitation, and phone privileges for 120 days[5]—did not (1) unexpectedly exceed his sentence (life imprisonment without the possibility of parole) or (2) create an atypical or significant hardship in relation to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 485 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."); *Dilworth v. Adams*, 841 F.3d 246, 251 (4th Cir. 2016) (explaining "disciplinary segregation, [as] held in *Sandin*, does not rise to th[e] level" of "'atypical and significant hardship' on prisoners"); *see, e.g.*, *Sandin*, 515 U.S. at 483–84 (finding no due process violation where a misconduct hearing resulted in "30 days' disciplinary segregation" for a prisoner "serving an indeterminate term of 30 years to life"); *Beverati*, 120 F.3d at 503–04 (finding no due process violation where inmates were confined in administrative segregation for six months and faced "onerous" conditions there). In sum, Plaintiff has

---

[4] Determining whether prison "conditions impose such an atypical and significant hardship that a liberty interest exists is a legal determination." *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997); *see also Incumaa v. Stirling*, 791 F.3d 517, 526–30 (4th Cir. 2015) (discussing the *Sandin* standard).

[5] *See* ECF No. 1-1 at pp. 4–5 (attachment to complaint listing the above-described disciplinary sanctions). Additionally, the Magistrate Judge properly took judicial notice of public records available on the South Carolina Department of Corrections website. *See* Inmate Search Detail Report for Leroy Shaw, available at http://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000301480 (listing disciplinary sanctions for Jan. 24, 2019).

3

not plausibly alleged deprivation of a protected liberty interest.[6]

Plaintiff also asks for an opportunity to amend his complaint, *see* ECF No. 15 at p. 2, and has filed a separate motion seeking leave to amend. *See* ECF No. 15. However, Plaintiff has neither filed a proposed amended complaint nor explained how he could cure the deficiencies identified by the Magistrate Judge.[7] Moreover, given the disciplinary sanctions alleged by Plaintiff, the Court concludes amendment would be futile and will therefore deny his motion to amend. *See ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 217 (4th Cir. 2019) (recognizing a court may deny a motion to amend if "amendment would be futile").

### Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R & R [ECF No. 11], **DENIES** Plaintiff's motion to amend [ECF No. 16], and **DISMISSES** his complaint *without prejudice* and without issuance and service of process.[8] **IT IS SO ORDERED.**

| | |
|---|---|
| Florence, South Carolina<br>October 17, 2019 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>Chief United States District Judge |

---

[6] Plaintiff argues that at the disciplinary hearing he "was put on notice of criminal charges against him of assault and battery." *See* ECF No. 15 at p. 2. However, the ***actual disciplinary sanctions themselves*** are determinative, *see Sandin*, *supra*, and these sanctions did not deprive Plaintiff of a protected liberty interest, as fully explained in the R & R. Plaintiff further contends the Magistrate Judge "overlooked" two exhibits attached to his complaint. *See* ECF No. 15 at p. 2 & ECF No. 15-1 (citing and attaching copies of Exhibits 180 and 182). However, the R & R clearly shows the Magistrate Judge considered these exhibits. *See, e.g.*, R & R at pp. 3–4 (citing ECF No. 1-1, the docket entry that contains Exhibits 180 and 182). The Court has also reviewed these two exhibits as well as all of Plaintiff's filings.

[7] The Magistrate Judge "advised [Plaintiff] that this Report and Recommendation constitutes notice to him of material defects in his filings." R & R at p. 10. However, Plaintiff did not file an amended complaint.

[8] As explained above, the Court concludes amendment would be futile and therefore leave to amend is not warranted. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court is dismissing this action without prejudice based on its adoption of the Magistrate's findings regarding Eleventh Amendment immunity and supplemental jurisdiction.

4